# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA NEAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 12-07090-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 20, 2012, Shana Neal ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on May 21, 2013. On July 2, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 49-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 30, 2009. (AR 22.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 1, 2006, the alleged onset date of her disability. (AR 24.)

Plaintiff's claims were denied initially on October 7, 2009, and on reconsideration on January 4, 2010. (AR 22.) Plaintiff then sought review and on January 27, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Robert A. Evans in Long Beach, California. (AR 22.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 22.) Vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 22.)

The ALJ issued an unfavorable decision on February 2, 2011. (AR 22-28.) The Appeals Council denied review on June 27, 2012. (AR 1-9.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered the testimony of Shana Neal.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

2

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 1, 2006, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: right ankle fracture, status post surgery and sciatica, right side. (AR 25.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 25.)

The ALJ then found that Plaintiff has the RFC to perform light work except no stooping or crouching and with only occasional climbing, bending, kneeling, and crawling. (AR 25-26.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 26.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 26-27.) The ALJ, however, also found that, considering Claimant's age, education, work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including cashier and bench assembly. (AR 27-28.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act at any time from April 1, 2006, through the date of the ALJ's decision. (AR 28.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. The Court disagrees.

### A. Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."

Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.      Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could be expected to cause her alleged symptoms. (AR 26.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent they are inconsistent with the ALJ's RFC assessment. (AR 26.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Claimant's pain testimony was not consistent with the objective medical evidence. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. Plaintiff claims she cannot work because of a 2005 ankle injury (AR 25, 38) and also complains of low back pain. (AR 189.) Consulting orthopedist Dr. Semon Bader, however, considered these complaints and nonetheless assessed Plaintiff a light work RFC with limitations that was adopted by the ALJ. (AR 189-194.)

Dr. Bader reported that Plaintiff walks with a slightly antalgic gait favoring the right lower extremity and buttocks pain (AR 191), and diagnosed status post right ankle fracture and right side sciatica. (AR 194.) He also found full pain-free range of motion in the right and left upper and lower extremities. (AR 191-192.) He was unclear whether the right buttocks pain was due to poor effort or weakness due to nerve root impairment. (AR 194.) He provided a RFC for

light work, finding Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk four hours in an eight-hour day and sit six hours in an eight-hour day. (AR 194.) He imposed postural limitations of occasional bending and kneeling, and no stooping or crouching. (AR 194.) Dr. Bader also noted Plaintiff does not require an assistive device and manipulative activities are unrestricted. (AR 194.) State reviewing physicians concurred in Dr. Bader's assessment. (AR 25, 197-203, 217-218.) One found Plaintiff only partially credible because her right ankle has full range of motion. (AR 203.) The ALJ also found that there was no corroborating medical evidence regarding her belief she recently developed carpal tunnel syndrome (she wore no splints), or her claims of large unintended weight loss, severe sleep deprivation, and concentration, attention, and cognitive deficits from pain. (AR 25, 26.) The same was true of anger, crying, and irregular bowel movements. (AR 26.) Plaintiff does not challenge the ALJ's finding that Plaintiff's pain allegations are inconsistent with the medical evidence except to repeat the legal standard that her credibility cannot be discounted solely on the basis of the medical evidence.

  Second, the ALJ found Claimant's pain testimony not justifiable because, if she experienced the pain and limitations alleged, "she would have sought out treatment modalities which alleviate severe and unremitting pain." (AR 26.) Here, the ALJ noted Claimant does not participate in physical therapy or use a TENS unit, and she has not been referred recently to a pain clinic. (AR 26.) An inadequately explained failure to seek more aggressive treatment is a valid basis for discounting credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Burch, 400 F.3d at 681; SSR 96-7p (an "individual's statements may be less credible if the level of frequency of treatment is inconsistent with the level of complaints"). So is conservative treatment. Parra, 481 F.3d at 750-51. The ALJ concluded Plaintiff's pain was not as severe as alleged. (AR 26.) Plaintiff does not challenge or mention this reason proffered by the ALJ for discounting Plaintiff's credibility.

  Third, the ALJ found that Plaintiff's credibility also was undermined by inconsistent statements, which is a valid basis for discounting a claimant's credibility. Light v. Comm'r of

1  Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997) (in weighing a claimant's credibility, ALJ may
2  consider "inconsistencies either in his testimony or between his testimony and his conduct").
3  The ALJ observed here that Plaintiff alleged disability onset due to her ankle on April 1, 2006,
4  yet the record establishes that she worked all of 2008 at the substantial gainful activity level
5  ($11,083). (AR 26.) Plaintiff challenges the ALJ's reliance on Claimant's work attempts as a
6  basis for discounting her credibility but working a full year is not just an "attempt" and case
7  authority holds that working is a valid basis for discounting credibility. Bray v. Astrue, 554 F.3d
8  1219, 1227 (9th Cir. 2009) (two years as a personal caregiver).

      Fourth, the ALJ found Plaintiff's daily activities were inconsistent with her allegations of disabling pain. (AR 26.) Daily activities are a factor in determining the credibility of a claimant's pain allegations. Bunnell, 947 F.3d at 345-46. Here, the ALJ noted Claimant took care of her personal needs, she took her son and grand-daughter to school, prepared meals, did household chores, shopped, took walks, drove her car, and socialized with friends and family members. (AR 26.) Plaintiff challenges whether these activities translate into the ability to work eight hours a day, five days a week. Plaintiff notes Ms. Neal's testimony that she has to lay down before she takes the children to school (AR 133) and also needs a 10 to 15-minute break after being on her feet a short time. (AR 40, 138, 155-157, 160.) Nonetheless, even if the activities cited by the ALJ alone do not prove Ms. Neal can return to work, they do suggest the alleged severity of her limitations was exaggerated. Valentine v. Comm'r, Soc. Sec. Adm., 574 F.3d 685, 693 (9th Cir. 2009). Also, any error would be harmless in any event because of the other reasons the ALJ has proffered for discounting Plaintiff's credibility. Carmickle v. Comm'r of Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008).

      Ultimately, Plaintiff simply disagrees with the ALJ's interpretation of the evidence. Yet the ALJ is responsible for resolving ambiguities in the evidence, Andrews, 53 F.3d at 1039, and where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

      Plaintiff's contentions that the ALJ did not offer a single legally sufficient reason to reject Ms. Neal's pain testimony and the ALJ decision is void of any sufficient rationale to do so are

plainly meritless.  The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 24, 2013

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE